IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES WILLIAM ROSE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:20-cv-00065 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| PATRICK MALONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' Motion to Remand and for Attorneys' Fees and Expenses (Doc. No. 16, "Motion"). Plaintiffs ask the Court to remand this matter to the Seventh Circuit Court for Davidson County, Tennessee, Probate Division ("Probate Court").

## BACKGROUND

This action arises from the guardianship of BRM, the minor child of Defendant Patrick Malone ("Defendant Malone") and Katherine Rose Malone ("Ms. Malone"), deceased. Plaintiffs are the parents of Ms. Malone. This action was originally filed in the Probate Court on December 20, 2019 (Doc. No. 1-2), with an Amended Complaint filed in the Probate Court on January 16, 2020 (Doc. No. 17-14). On January 22, 2020, Defendant Blue Ridge Bank and Trust Co. ("Blue Ridge") removed the action to this Court pursuant to 28 U.S.C. § 1441(a), alleging that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) based on diversity of the citizenship of the parties. (Doc. No. 1). Defendant Malone later file a Notice of Consent to Remove (Doc. No. 21). Defendant Pinnacle Bank did not consent to removal and, indeed, joins in the Motion. (Doc. Nos. 19 and 25).

In support of the Motion, Plaintiffs have alleged the following facts, supported by documents from the Probate Court. On September 14, 2017, the Probate Court entered an Order Granting a Petition for Guardianship and establishing the guardianship of BRM, with Defendant Malone as Guardian. (Doc. No. 17-1). No bond was set for the guardian at that time. (*Id.*). Plaintiffs were named "Indispensable Parties" to the guardianship. (*Id.*).

Plaintiffs contend that Defendant Malone, who now resides in Missouri, filed and pursued, as parent and legal guardian of BRM, a wrongful death action in Idaho relating to the tragic and untimely death of BRM's mother (Ms. Malone).[1] Plaintiffs assert that in March 2018, Defendant Malone petitioned the Probate Court for approval and reimbursement of attorneys' fees and expenses relating to that wrongful death action. On March 15, 2018, the Probate Court, finding that the issue of bond was "not yet pressing" (because no assets from BRM's mother's estate had yet come into the guardianship estate), ordered that Malone (as guardian) "shall immediately notify the Court should he receive any asset of the guardianship estate in excess of $15,000 and be placed on the first available docket of the probate master to review the issue of bond." (Doc. No. 17-4).

On June 7, 2018, Defendant Malone filed a sworn Petition to Invest Guardianship Funds and Establish Trust with the Probate Court, representing that BRM might receive a substantial settlement or judgment from the Idaho wrongful death action as a result of her mother's accidental death; that he (as guardian) proposed transferring the guardianship funds to a trust under the terms proposed in an attachment to the Petition, with Pinnacle Bank and himself as Co-Trustees; and that establishing such a trust "should relieve the guardianship estate of the necessity and expense of

---

[1] The wrongful death action alleges that Ms. Malone was killed in Bonner County, Idaho, in August 2017, when a logging truck overturned, spilling its cargo on the roadway and killing Ms. Malone, who was a pedestrian jogging on the roadway at the time. (Doc. No. 17-9).

accountings, bond and property management plans." (Doc. No. 17-5). The Probate Court granted Defendant Malone's Petition on June 27, 2018, and ordered the establishment of an irrevocable trust ("Tennessee Trust") (Doc. No. 17-2). Plaintiffs were named "Limited Trust Protectors"[2] in connection with the Tennessee Trust.[3] The Amended Complaint alleges the Probate Court established the Tennessee Trust, with Defendant Malone and Defendant Pinnacle Bank as Co-Trustees, in lieu of requiring a bond for Defendant Malone as guardian.

The Probate Court stated that the Trust "shall be court supervised," and "the requirements of bond, accountings and property management plan are all waived of the Co-Trustees." (*Id*. at ¶ 5). The Probate Court found that establishment of the Tennessee Trust was "in the manifest best interest of the minor child." (*Id*. at ¶ 1). Among other things, the Court ordered that all of the inheritance of BRM from her mother's estate "shall be distributed directly to Pinnacle Bank as Co-Trustee of" the Tennessee Trust. (*Id*. at ¶10).

Plaintiffs allege that on October 23, 2018, and March 15, 2019, Defendant Malone again petitioned the Probate Court for attorneys' fees with regard to the Idaho wrongful death action. The Amended Complaint asserts that Malone sought approval and reimbursement of attorneys' fees and expenses related, in part, to research by his Tennessee attorneys regarding an Idaho wrongful death action and efforts by Malone to obtain funds from the Idaho case for his daughter.

---

[2] The Probate Court Order establishing the Tennessee Trust (Doc. No. 17-6) states that the Limited Trust Protectors "shall have only the limited rights of (1) receiving monthly trust statements, (2) receiving trust tax returns, (3) having the right to inspect the trust records relating to disbursement of principal or income, (4) ability to call any matter concerning the trust disbursements to the Court's attention, but no further or other rights with respect to the trust."

[3] Plaintiffs also allege that they are the Personal Representatives of the Estate of their daughter (Ms. Malone), which is being administered in the Probate Court.

(Doc. No. 17-14 at 3-4). Plaintiffs claim that the Probate Court awarded to Defendant Malone part of the fees he had requested. (*Id*. at 5).

Plaintiffs assert that Defendant Malone settled the Idaho wrongful death action on behalf of BRM and petitioned the Idaho court for approval of that settlement. (Doc. No. 17-10). He allegedly requested that the settlement proceeds be awarded to him based upon his appointment as "conservator" [guardian] for BRM in Tennessee. (*Id*. at 8). In petitioning for approval from the Idaho court, Malone represented that because of animosity and distrust between himself and Plaintiffs, he would be seeking to establish a separate trust into which to place the proceeds from the settlement. (Doc. No. 17-10 at 3). He explained that he had in fact already set up a separate irrevocable trust ("Missouri Trust") with Blue Ridge and himself as Co-Trustees. (*Id*. at 8) The Idaho court approved the settlement and ordered that settlement proceeds due to BRM be paid into the Missouri Trust (which was described as being formed in Missouri on November 12, 2019). (Doc. No. 17-11).[4]

Plaintiffs contend that, pursuant to the orders of the Probate Court and the terms of the Tennessee Trust, Defendant Malone was required to deposit the Idaho wrongful death proceeds into the Tennessee Trust account at Pinnacle Bank. They assert that the actions of both Defendant Malone and Blue Ridge are in violation of the Probate Court Orders and the Tennessee Trust provisions.

On November 22, 2019, the Probate Court restrained and enjoined Defendant Malone from spending any money from the Missouri Trust or the funds received pursuant to the Idaho court settlement, pending further Orders of the Probate Court. (Doc. No. 17-12). The Probate Court

---

[4] The legal name of both the Tennessee Trust and the Missouri Trust is the "[BRM] Irrevocable Trust."

stated: "The establishment of the Missouri Trust, and the funding of that Missouri Trust with the net proceeds from the Idaho settlement appear to possibly be in conflict with the terms of the Tennessee Trust" and that "[i]t would be reasonable for this Court to direct that the funds be transferred from the Missouri Trust account to the Tennessee Trust account." (*Id*. at 2-3). Nonetheless, the Probate Court, noting that the matter "needs to be presented in the form of a declaratory judgment action,"[5] held the matter in abeyance pending the filing of a declaratory judgment action by Plaintiffs (no later than December 23, 2019).

Plaintiffs filed this declaratory judgment action on December 20, 2019,[6] and filed the Amended Complaint on January 16, 2020. (Doc. Nos. 1-2 and 17-14).

Plaintiffs contend that the actions of Defendants Malone and Blue Ridge (but not the other Defendant, Pinnacle Bank)[7] present a substantial threat of irreparable harm to BRM and the guardianship if Malone and Blue Ridge are not ordered to return the funds due to the Tennessee Trust. As noted above, the Probate Court has restrained and enjoined Defendant Malone from spending any money from the Missouri Trust or the funds received pursuant to the Idaho court settlement, pending further Orders of the Probate Court. The Restraining Order remains in effect, so far as the Court can tell.

As noted above, Blue Ridge removed the action to this Court pursuant to 28 U.S.C. 28 § 1332(a), based upon the diversity of citizenship of the parties, on January 22, 2020.

---

[5] Defendant Malone was restrained during a motion docket before the Probate Court. (Doc. No. 17-12).

[6] Appropriately, since this action was original brought in state court, Plaintiffs invoked not the federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq.*, but rather the Tennessee Declaratory Judgments Act, Tenn. Code Ann. §§ 29-14-101 *et seq.*

[7] The Court discusses below the issue of why Pinnacle Bank, which was not accused of threatening irreparable harm or otherwise engaging in wrongful behavior, was named as a Defendant.

## REMOVAL AND REMAND STANDARDS

Civil claims filed in state court which could have been originally brought in federal court may be removed by a defendant to federal court. *See* 28 U.S.C. § 1441(a). Courts should construe this statute "strictly, narrowly and against removal." *Corwin v. State Farm Fire & Cas. Co.*, No. 3:18-cv-00740, 2018 WL 6620081, at *1 (M.D. Tenn. Dec. 18, 2018). The party seeking removal bears the burden of establishing that removal is proper. *Id.* After a case has been removed from state court, a district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). It is the burden of the removing party to show that the district court has jurisdiction in a case, and all doubts are resolved in favor of remand. *Cornerstone Constr. Co. of Tennessee, LLC v. Builders Mut. Ins. Co.*, No. 3:19-cv-01056, 2020 WL 3063850, at *1 (M.D. Tenn. June 9, 2020).

It is well settled in the Sixth Circuit that, because they implicate federalism concerns, removal statutes are to be narrowly construed. *Hughen v. BHG Nashville #1, LLC,* No. 3:20-cv-00236, 2020 WL 2557961, at **3–4 (M.D. Tenn. May 20, 2020). Thus, when there is uncertainty as to whether remand is appropriate, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id.* (citing *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007)). All of this is to say that, unlike with various other kinds of motions, on a motion to remand, the non-movant starts out in an unfavorable position.

Importantly, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This means, among other things, that if just a single properly served defendant objects to removal, removal is improper unless that defendant was not properly joined. In addition, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction

under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## **DISCUSSION**

As noted above, Defendant Pinnacle Bank has not consented to removal of this action. In addition, it is undisputed that Pinnacle Bank is a citizen of only the State of Tennessee. This means that under 28 U.S.C. § 1446(b)(2)(A) and alternatively under 28 U.S.C. § 1441(b)(2), removal was improper if Pinnacle Bank was properly joined.[8]

Blue Ridge argues that Pinnacle Bank was not properly joined but rather was "fraudulently joined" as a Defendant in this action. Blue Ridge contends that Plaintiffs have not alleged any specific wrongdoing or cause of action against Pinnacle Bank and, therefore, its citizenship should be ignored for purposes of these statutes. (Doc. No. 24). Blue Ridge argues that at best, Pinnacle Bank is a "nominal" party whose citizenship should be ignored for diversity purposes.[9]

---

[8] It appears undisputed that Pinnacle Bank was properly served for purposes of these statutes.

[9] Although the Sixth Circuit has not specifically addressed the issue, the Fourth Circuit has defined the term "nominal party" to mean "a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Wellgen Standard, LLC v. Maximum Legal Holdings, LLC*, No. 3:18-cv-00275, 2019 WL 1043395, at \*2 (M.D. Tenn. Mar. 5, 2019). The "nominal party exception" ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case. *Id*. (citing *Hartford Fire Ins. Co. v. Harleysville Mutual Ins. Co.,* 736 F.3d 255, 259 (4th Cir. 2013)). Other courts have defined the term as describing a defendant for whom there is no real basis for liability. *See, e.g., Farias v. Bexar Cnty. Bd. Of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991); *Beasley v. Wells Fargo Bank, N.A.*, 2017 WL 2670892, at \*3 (M.D. Tenn. June 21, 2017). In one (but only one) place, Blue Ridge frames the issue of fraudulent joinder as to whether Pinnacle Bank "would be considered an 'indispensable party' [in the instant law suit] when Plaintiffs allege no wrongdoing against Pinnacle. (Doc. No. 24 at 12). Blue Ridge seems to use "indispensable party" as a term of art, but it is unclear why it would be a relevant term in the present content. Whether Pinnacle Bank would be an "indispensable party" as such in this lawsuit does not appear relevant to whether it was fraudulently joined. On the other hand, whether Pinnacle

To prove fraudulent joinder, the defendant supporting removal must present sufficient evidence that the plaintiff cannot establish a cause of action against the non-diverse defendant—meaning, here, Pinnacle Bank—under state law. *Mark Francis Macduff Spence, Sr. v. Dexcom, Inc.*, No. 3:18-cv-0369, 2019 WL 302504, at *3 (M.D. Tenn. Jan. 23, 2019). In other words, a claim of fraudulent joinder requires proof that the plaintiff has no colorable claim against the non-diverse defendant under state law. *Id.* The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party (in this case, both Pinnacle Bank and Plaintiffs). *Id.* All doubts as to the propriety of removal are resolved in favor of remand. *Id.* In considering fraudulent joinder allegations, a court applies a test similar to, but more lenient (towards a plaintiff opposing removal and thus seeking remand) than, the analysis applicable to a Rule 12(b)(6) motion to dismiss. *Id*. (citing *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012)). The removing party bears the burden of demonstrating fraudulent joinder. *Id.*

Pinnacle Bank argues that Tennessee's Declaratory Judgment Act requires it to be named as a party in interest in this action because it is a Co-Trustee of the Tennessee Trust, which (according to Pinnacle Bank) is at the heart of this Declaratory Judgment action. (Doc. No. 25). Tennessee law provides that interested parties may seek a declaration of rights to determine any questions arising in the administration of a trust. Tenn. Code Ann. § 29-14-105. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be

_____

Bank was statutorily required to be joined *is* relevant to whether it was fraudulent joined, as discussed herein.

affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." Tenn. Code Ann. § 29-14-107(a).

Based on these provisions, Pinnacle Bank contends it was specifically required by statute to be made a party to this action. To the extent that this is true, Pinnacle Bank cannot be said to be fraudulently joined, except under a very literal application of the broadest extant verbal formulations of "nominal party," which the Court is loath to employ in the absence of any precedential requirement that it do so. And construing matters in favor of Pinnacle Bank (as the party opposing removal) as required, the Court finds that Pinnacle Bank was indeed required by Tennessee statute to be joined, despite Blue Ridge's arguments to the contrary.

In so finding, the Court notes that what this case, originally brought in Probate Court, is about. At least to some extent, it is about the conduct of Defendant Malone in his capacity as the guardian and Co-Trustee of the Tennessee Trust. Contrary to Blue Ridge's characterization, it is not just about the settlement money in Idaho. The Probate Court established the guardianship and the Tennessee Trust, appointed Defendant Malone as guardian, appointed Defendant Malone and Pinnacle Bank as Co-Trustees, and has even now restrained the conduct of the guardian/Co-Trustee Malone with regard to money that belongs to BRM, for whom the Probate Court established a Guardianship Estate. The Amended Complaint seeks a judgment for, among other things, breach of fiduciary duty by Defendant Malone—Pinnacle Bank's co-trustee—as well as a declaration of the rights and obligations of the parties, which may include those of Pinnacle Bank vis-à-vis its co-trustee. It also seeks a mandatory injunction that orders any funds due BRM to be transferred to Pinnacle Bank. The Court finds that Pinnacle Bank is a proper Defendant in this action. Even though the corpus of the Tennessee Trust as it now exists may not be the heart of this dispute, the terms of the Trust and the orders of the Probate Court (particularly as to actions by the

Co-Trustees and exercises of authority over monies of BRM) are at the heart of this matter. Moreover, the Amended Complaint asks the Probate Court to enter a declaratory judgment determining the rights and obligations of the parties, which would include Pinnacle Bank. (Doc. No. 17-14 at 11).

For these reasons, the Court finds that Pinnacle Bank, was not a nominal party and accordingly not "fraudulently joined" in this action. In light of this finding, the removal of this action to federal court was improper. Pinnacle Bank is a both a properly joined Defendant and a Tennessee resident for purposes of 28 U.S.C. § 1441(b)(2). Moreover, Pinnacle Bank, a properly joined Defendant, did not consent to removal, as required for removal under 28 U.S.C. § 1446(b)(2)(A). Accordingly, the Motion should and will be granted.

Plaintiffs also seek attorneys' fees and expenses incurred as a result of the removal, arguing that there are multiple reasons here why removal was improper. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C.A. § 1447(c). The plaintiff should receive fees and costs "if fair and equitable under all the circumstances." *Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 815–16 (M.D. Tenn. 2019) (citing *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993)). An award of fees is inappropriate where the defendant's attempt to remove the action was fairly supportable. *Id.*

Interpreting § 1447(c), the Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Lipian v. Frumkin*, No. 20-11615, 2020 WL 4501629, at *1 (E.D. Mich. Aug. 5, 2020) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The Court held that this standard should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while

not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* With these concerns in mind, *Martin* held that attorney's fees should be awarded only where the party seeking removal lacked "an objectively reasonable basis" for seeking removal. *Id.* Although the Court finds that removal here was improper, it does not find that Blue Ridge lacked an objectively reasonable basis for seeking removal, because under a very literal application of some verbal formulations of the notion of "nominal party" (including the *Beasley* decision, which was issued by another judge in this district), Pinnacle Bank would be considered a "nominal party." Therefore, in its discretion, the Court will deny Plaintiff's Motion for Attorneys' Fees and Expenses.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to Remand (Doc. No. 16) will be granted in that this case will be remanded to the Probate Court (Seventh Circuit Court for Davidson County, Tennessee, Probate Division) but will be denied insofar as it requests recovery of Plaintiffs' attorney's fees and expenses.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE